UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIAO YANG,<br><br>                            Plaintiff,<br><br>          -against-<br><br>FEILOS HOLDING LLC and FEI XIE,<br><br>                        Defendants. | Case No. 1:25-cv-05987 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Miao Yang ("Yang" or "Plaintiff"), proceeding *pro se*, brings this action against Defendants Feilos Holding LLC and Fei Xie ("Xie" or "Defendant") (together with Feilos Holding LLC, "Defendants"), asserting claims for breach of a promissory note, fraud, and unjust enrichment. *See generally* Dkt. 1 ("Compl." or the "Complaint"). Now before the Court is Xie's motion to dismiss the Complaint for lack of subject-matter jurisdiction. For the reasons that follow, the Court GRANTS the motion.

**BACKGROUND**

## I.     Factual Allegations

The following facts are drawn from the Complaint and taken as true for purposes of this motion. *See Costin v. Glens Falls Hosp.*, 103 F.4th 946, 952 (2d Cir. 2024).

Plaintiff's claims arise from an alleged loan. According to the Complaint, on March 4, 2021, Xie, "representing himself as the CEO of Feilos Capital, entered into a [p]romissory [n]ote" with Yang. Compl. ¶ 1; *see also id.*, Ex. A ("Promissory Note") at 1. Yang subsequently issued a $150,000 check payable to "Feilos Holding LLC," Compl. ¶ 2; *id.*, Ex. B ("Check"), which Plaintiff alleges Defendants received and accepted, Compl. ¶¶ 24-25. The Promissory Note identifies "Feilos Capital" and "Fei Xie acting as CEO" as the borrower and identifies

Yang as the lender.  Promissory Note at 1.  The Note reflects a principal amount of $150,000, subject to a 13.3% annual interest rate.  *Id.*  By the Promissory Note's terms, Defendants were to repay the borrowed money through nine quarterly installments.  *See* Promissory Note, App. A; *see also* Compl. ¶ 7.  The first eight installments were interest-only payments of $6,666, while the final installment consisted of a final interest payment plus the full principal.  Promissory Note, App. A.  This last payment was due on April 1, 2024.  *Id.*  After that date, any outstanding principal would accrue at the maximum interest rate permitted by law, Promissory Note § 4, and any late interest installment would be subject to its own late payment fee, *id.* § 2.

Plaintiff alleges that Defendants paid only $100,000 of the principal balance and the first three interest payments, leaving a remaining balance of $89,996.  Compl. ¶ 3.  The Complaint alleges three causes of action and seeks distinct damages for each.  *Id.* ¶¶ 5-28.  First, for breach of promissory note, Yang seeks damages of $89,996, plus accrued interest, late fees, and pre- and post-judgment interest.  *Id.* ¶¶ 10-12.  Next, for fraud, Plaintiff seeks $89,996 in compensatory damages, as well as accrued interest, incidental damages, punitive damages, and pre- and post-judgment interest.  *Id.* ¶¶ 19-22.  Finally, for unjust enrichment, Plaintiff seeks restitution in the amount of $50,000, which she calculates as the $150,000 loan proceeds less the $100,000 repayment.  *See id.* ¶¶ 27-28.

## II.     Procedural History

Plaintiff commenced this action on July 17, 2025.  *See generally id.*  The Complaint invokes diversity jurisdiction.  *Id.* at 2.  Plaintiff alleges that she is a citizen of the People's Republic of China, *id.*, that Defendant Xie is a citizen of Washington, and that Defendant Feilos Holding LLC is incorporated under Delaware law and has its principal place of business in New York, *id.* at 3.

On September 26, 2025, Xie, also proceeding *pro se*, moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject-matter jurisdiction. *See* Dkt. 10 ("Br."). On November 6, 2025, Plaintiff filed her opposition, Dkt. 13 ("Opp."), and Xie replied on December 16, 2025, Dkt. 16 ("Reply"). This motion is thus fully briefed.

## LEGAL STANDARD

Subject-matter jurisdiction cannot be waived or forfeited, and courts have an independent obligation to determine whether it exists. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *accord Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Pursuant to 28 U.S.C. § 1332, federal district courts have jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a), and where the dispute is between, as relevant here, "citizens of a State and citizens or subjects of a foreign state," *id.* § 1332(a)(2). "Diversity jurisdiction requires complete diversity, meaning that no plaintiff has the same citizenship as any defendant." *Diego Beekman Mut. Hous. Assn. Hous. Dev. Fund Corp. Hdfc v. Dish Network, L.L.C*, No. 15-cv-01094 (KPF), 2016 WL 1060328, at *7 (S.D.N.Y. Mar. 15, 2016); *accord Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Under Rule 12(b)(1), a claim may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction

3

when the district court lacks the statutory or constitutional power to adjudicate it." *AMTAX*

*Holdings 227, LLC v. CohnReznick LLP*, 136 F.4th 32, 37 (2d Cir. 2025). "A plaintiff asserting

subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it

exists." *Id.* (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *see also*

*Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) ("[J]urisdiction must be

shown affirmatively, and that showing is not made by drawing from the pleadings inferences

favorable to the party asserting it.").

A Rule 12(b)(1) motion may be either facial or factual. *See Robinson v. Gov't of*

*Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001) ("In a motion to dismiss pursuant to [Rule] 12(b)(1),

the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of

jurisdiction, or both."); *see also Lugo v. City of Troy*, 114 F.4th 80, 87 (2d Cir. 2024) ("A Rule

12(b)(1) motion may be either facial or fact-based."). A facial challenge tests whether the

complaint's allegations, accepted as true, adequately plead subject-matter jurisdiction. *See Bates*

*v. Offit Kurman Att'ys at L. LLP*, No. 19-cv-02814 (KPF), 2019 WL 7067092, at *2 (S.D.N.Y.

Dec. 23, 2019) ("When considering a facial challenge, a court must determine whether the

pleading 'alleges facts that affirmatively and plausibly suggest that' subject matter jurisdiction

exists." (alteration adopted) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir.

2016))); *see also Katz v. Donna Karan Co.*, 872 F.3d 114, 119 (2d Cir. 2017) (observing that

plaintiffs bringing a facial challenge "have no evidentiary burden, for both parties can be said to

rely solely on the facts as alleged in the plaintiffs' pleading"); *accord Collins v. Pearson Educ.,*

*Inc.*, 721 F. Supp. 3d 274, 281 (S.D.N.Y. 2024). A factual challenge, by contrast, disputes the

existence of jurisdictional facts. *See Carter*, 822 F.3d at 57. "When a factual challenge to the

Court's jurisdiction has been raised, 'the court may resolve any disputed jurisdictional fact issues

by referring to evidence outside of the pleadings[.]'" *Islamic Cmty. Ctr. for Mid Westchester v.*

*City of Yonkers Landmark Pres. Bd.*, 258 F. Supp. 3d 405, 413 (S.D.N.Y. 2017) (alteration adopted) (quoting *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)), *aff'd*, 742 F. App'x 521 (2d Cir. 2018) (summary order); *accord Krechmer v. Tantaros*, 747 F. App'x 6, 10 (2d Cir. 2018) (summary order); *Makarova*, 201 F.3d at 113. Specifically, a defendant may challenge the factual sufficiency of jurisdiction by "proffering evidence beyond the [p]leading," which would, in turn, trigger the plaintiff's obligation "to come forward with evidence of their own to controvert that presented by the defendant." *Carter*, 822 F.3d at 57. Only when "the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show [subject-matter jurisdiction]" can a plaintiff rely solely on the allegations in the complaint. *Id.*

Where, as here, all parties are proceeding *pro se*, the Court reads both Plaintiff's Complaint and Defendant's motion liberally so as to raise the strongest arguments that the documents suggest. *See Sheridan v. Mariuz*, No. 07-cv-03313 (SCR) (LMS), 2009 WL 920431, at *3 (S.D.N.Y. Apr. 6, 2009) ("In a case such as this where all of the parties are proceeding *pro se* . . . the Court reads the [p]laintiff's [c]omplaint liberally [and] construes the [d]efendants' motion to dismiss liberally so as to raise the strongest arguments that it suggests."). The Court also bears in mind its independent obligation to confirm that it has subject-matter jurisdiction. *Arbaugh*, 546 U.S. at 514; *Bayerische Landesbank*, 692 F.3d at 48.

## DISCUSSION

Xie argues that he and Plaintiff are both citizens of China and that the presence of foreign citizens on both sides of the case defeats diversity jurisdiction. *See* Br. at 2. He further argues that Feilos Holding LLC is solely owned and managed by him, such that the LLC's citizenship follows his own. *Id.*

Plaintiff opposes Defendant's motion.  She acknowledges that she is a citizen of China.  Opp. at 1.  But she argues that she has met her burden to establish complete diversity because Xie is domiciled in Washington and is either a United States citizen or a lawful permanent resident.  *See* Opp. at 2-3.  She also highlights that the amount in controversy exceeds $75,000.  *Id.* at 3.

In reply, Defendant provides evidence to support his claim that he is a noncitizen, Reply, Exs. A-1, A-2, and separately argues that the amount in controversy threshold cannot be met without Plaintiff improperly relying on interest and punitive damages, Reply at 2.

The Court addresses the elements of diversity jurisdiction — amount in controversy and complete diversity of citizenship — in turn.

I.      **The Amount in Controversy Requirement Is Met**

Xie raises a facial challenge to the amount in controversy requirement, arguing that Yang's alleged damages do not exceed $75,000 as a matter of law.  *See* Reply at 2 n.3.[1]  The Court disagrees and finds that Plaintiff's alleged amount in controversy exceeds the jurisdictional threshold.

---

[1] Defendant failed to raise his objection to Plaintiff's asserted amount in controversy until his Reply.  "Ordinarily, arguments raised for the first time in reply briefs are waived, even when made by a *pro se* litigant."  *Santiago-Ortiz v. United States*, No. 17-cr-00149 (LAK), 2023 WL 3740228, at *3 (S.D.N.Y. May 31, 2023); *accord Morgan v. Comm'r of Soc. Sec.* No. 21-cv-00340 (KMK) (JCM), 2022 WL 3044861, at *10 n. 5 (S.D.N.Y July 8, 2022), *report and recommendation adopted sub nom.*, *Morgan v. Kijakazi*, 2022 WL 3044576 (S.D.N.Y. Aug. 2, 2022).  However, "[a] district court enjoys broad discretion . . . to consider arguments made for the first time in a reply brief."  *Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*, 341 F. App'x 722, 724 (2d Cir. 2009) (summary order); *accord Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005).  Given the parties' *pro se* status and the Court's independent obligation to confirm that it has subject-matter jurisdiction, the Court exercises that discretion and considers Defendant's amount in controversy arguments.

### A.    The Amount in Controversy Includes Unpaid Interest

Plaintiff properly relied on the interest owed to meet the amount in controversy threshold. Defendant is correct that the diversity statute typically requires that "the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest* and costs."  28 U.S.C § 1332(a).  *See* Reply at 2 n.3.  But, in practice, "interest generally is excluded if it is only incidental to the claim the plaintiff is asserting or if it arises solely by virtue of a delay in the payment of an obligation." *Elwell v. Raymond James Fin. Servs., Inc.*, 686 F. Supp. 3d 281, 290 (S.D.N.Y. 2023) (internal quotation marks and citation omitted).  "[W]here, as here, interest is owed as part of an underlying contractual obligation, unpaid interest becomes part of the principal for jurisdictional purposes." *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir. 1994); *accord Elwell*, 686 F. Supp. 3d at 290.

Plaintiff here alleges Defendants were contractually obligated to pay the remaining $50,000 in principal and $39,996 in interest payments.  *See* Compl. ¶¶ 3, 8; *see also* Promissory Note, App. A (reflecting payment schedule consisting largely of interest payments).  Indeed, the Promissory Note's terms reflect that these quarterly interest payments were "an essential ingredient in the principal claim" and must therefore be treated as part and parcel of the principal for jurisdictional purposes.  *Brown v. Webster*, 156 U.S. 328, 330 (1895); *see Elwell*, 686 F. Supp. 3d at 290 ("[I]nterest is not excluded where it is an essential ingredient in the principal claim." (internal quotation marks and citation omitted)).  The resulting $89,996 in alleged damages suffices to establish the amount in controversy element of diversity jurisdiction.[2]

---

[2] Plaintiff seeks duplicative damages across her three causes of action — all of which stem from Defendants' alleged failure to repay the Promissory Note in full.  *See* Compl. ¶¶ 10-12 (seeking $89,996 for breach of promissory note claim); *id.* ¶¶ 19-22 (seeking same for fraud claim); *id.* ¶¶ 27-28 (seeking $50,000 in unpaid principal for unjust enrichment claim).  In cases such as this where "a plaintiff seeks compensation for the same damages under different legal theories of wrongdoing, the plaintiff should receive compensation for an item of damages only once."

### B.    The Court Need Not Consider Punitive Damages

Xie also argues that Plaintiff's requested punitive damages may not factor into the amount in controversy calculation because they are unavailable as a matter of law.  *See* Reply at 2.  Because Plaintiff's alleged outstanding contract damages alone exceed $75,000, *see supra* Section I.A, the Court need not consider this argument.

## II.    There Is No Complete Diversity

Defendant additionally asserts a factual challenge to diversity, arguing that his proffered evidence makes clear that there is no complete diversity in this action.[3]  The Court agrees and finds that, although the amount in controversy requirement is satisfied, Plaintiff has not established complete diversity.

### A.    Xie's Citizenship

The Complaint identifies Xie as a citizen of the state of Washington.  Compl. at 3. Defendant asserts in his brief, however, that both he and Plaintiff are citizens of China, which presents noncitizens on both sides of the action and destroys diversity.  Br. at 2; *see also* Reply, Exs. A-1, A-2 (providing evidence that Xie is a noncitizen).  In response, Plaintiff alleges a

---

*Gentile v. Cnty. of Suffolk*, 926 F.2d 142, 153 (2d Cir. 1991); *accord Chadha v. Chadha*, No. 16-cv-03739 (ENV) (AKT), 2020 WL 1031385, at *8 (E.D.N.Y. Mar. 2, 2020), *report and recommendation adopted*, 2020 WL 5228812 (E.D.N.Y. Sept. 2, 2020).  Thus, the Court treats Plaintiff as having a singular claim for $89,996 in damages.

[3] In moving to dismiss, Defendant failed to submit the evidence needed to trigger a factual sufficiency challenge to Plaintiff's assertion of jurisdiction.  *See generally* Br.; *Carter*, 822 F.3d at 57 ("[A] defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading.").  Instead, Defendant attaches relevant evidence in his Reply. *See* Reply, Exs. A-1, A-2.  Here, again, recognizing its independent obligation to establish subject-matter jurisdiction, the Court exercises its "broad discretion . . . to rely on evidence submitted with the reply papers."  *Compania*, 341 F. App'x at 724; *accord Ruggiero*, 424 F.3d at 252; *see also Bayway Refin. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000) ("We review for abuse of discretion the district court's decision to rely upon this evidence [submitted in reply instead of with moving papers].").

8

"great possibility" that Xie is a United States citizen and domiciled in Washington. Opp. at 2.

Plaintiff further asserts that even if Xie is a noncitizen, Plaintiff understands that Xie is, at

minimum, a permanent resident, which Plaintiff believes provides another ground for a finding

of complete diversity. *Id.* The Court agrees with Xie that complete diversity is lacking.

Relevant here, diversity is present in civil actions where the dispute is between "citizens

of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). However, "the

Second Circuit has held that diversity is absent where there are foreign parties on both sides of

the case." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 73

(S.D.N.Y. 2013) (collecting cases); *see Universal Licensing Corp. v. Paola del Lungo S.p.A.*,

293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking within the meaning of [28 U.S.C.

§ 1332(a)] where the only parties are foreign entities[.]"); *Corporacion Venezolana de Fomento*

*v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("We have held that the presence of

[noncitizens] on two sides of a case destroys diversity jurisdiction."). Plaintiff does not dispute

that she is a foreign citizen. *See* Compl. at 2; Opp. at 1. Thus, the question before the Court is

whether Xie qualifies as a citizen of a State. The Court holds that he does not.

"In order to be a citizen of a State within the meaning of the diversity statute, a natural

person must both be a citizen of the United States *and* be domiciled within the State." *Newman-*

*Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *accord Espinoza v. Warner Music*

*Grp. Corp.*, No. 23-cv-07944 (JHR), 2025 WL 1736589, at *2 (S.D.N.Y. June 23, 2025). Xie

maintains that he is not a citizen of the United States and thus cannot be a citizen of a State for

diversity purposes. In support of his position that he is a noncitizen, Xie submits Bureau of

Prisons materials referencing a "[p]ossible [i]mmigration [d]etainer for [n]on-US [c]itizen or

[d]eportation [i]nvestigation," Reply, Ex. A-1, and listing his public-safety classification as

9

"ALIEN," *id.*, Ex. A-2. These documents, Xie maintains, establish that he is not a United States citizen but rather a citizen of China. Reply at 1; *see also* Br. at 2.

Furthermore, the Second Circuit has made clear that a lawful permanent resident is considered a noncitizen for purposes of creating diversity jurisdiction. *See Tagger v. Strauss Group Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020) (per curiam) (finding that permanent residents are not "deemed to be U.S. citizens for purposes of diversity jurisdiction" and that, accordingly, "section 1332(a)(2) does not give the district court jurisdiction over a suit by a permanent resident against a non-resident [noncitizen]" (citation omitted)); *Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024); *see also Wei v. Wang*, No. 25-cv-01886 (MKV), 2026 WL 734772, at *5 (S.D.N.Y. Mar. 16, 2026) ("[T]he Second Circuit has squarely held that a foreign citizen who resides in, and is a permanent resident of, the United States is a[] [noncitizen] for the purposes of diversity jurisdiction." (internal quotation marks and citations omitted)); *Cruz v. Santana-DeLaRosa*, No. 21-cv-03656 (NJC) (ST), 2025 WL 240913, at *3 (E.D.N.Y. Jan. 19, 2025) ("A lawful permanent resident noncitizen domiciled in a state is *not* considered a citizen of that state for purposes of diversity jurisdiction." (alteration adopted and citation omitted)). That is to say, whether Xie is a citizen of China and/or a lawful permanent resident of the United States, he is a foreign party for diversity purposes.

By bringing this factual sufficiency challenge to Plaintiff's assertion of jurisdiction, Defendant shifts the burden to Plaintiff to provide evidence of her own proving that the Court has subject-matter jurisdiction. *See Carter*, 822 F.3d at 57; *see also Maione v. McDonald*, No. 18-cv-07452 (KMK), 2025 WL 2676591, at *6 (S.D.N.Y. Sept. 18, 2025) ("Where a Rule 12(b)(1) motion is fact-based and defendant proffers evidence outside the pleadings, plaintiff must either come forward with controverting evidence or rest on the pleadings."). Plaintiff has not met her burden.

In her Opposition, Plaintiff alludes to unspecified "public record[s]" that prove Xie is not a Chinese national and provide a "great possibility" that he is instead a United States citizen. Opp. at 2. But Plaintiff does not submit these records, or, for that matter, any evidence that might support her assertion of jurisdiction. At most, Yang relays that Xie told her that he "obtained U.S. permanent residency several years ago." *Id.* As discussed, however, permanent resident status is not enough. Plaintiff has therefore failed to rebut Xie's evidence establishing that he is a noncitizen. In sum, both Plaintiff and Xie are foreign parties, thereby defeating diversity in the present action.

### B.    Feilos Holding LLC's Citizenship[4]

Feilos Holding LLC is likewise a foreign party. A limited liability company takes on the citizenship of each of its members. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Bayerische Landesbank*, 692 F.3d at 49. Thus, if an LLC's sole member is a foreign citizen, the LLC is a foreign citizen for purposes of diversity jurisdiction. *See, e.g.*, *CRT Cap. Grp. v. SLS Cap., S.A.*, 63 F. Supp. 3d 367, 371 n.1 (S.D.N.Y. 2014) (finding that limited liability is citizen of a foreign state where "one of its members is a citizen of a foreign state"); *see also Windward Bora LLC*, 110 F.4th at 129 ("[I]f there would be no jurisdiction if the case involved only an unincorporated association's permanent resident

---

[4] The parties' submissions refer to both "Feilos Holding LLC" and "Felos Capital LLC." The Complaint names Feilos Holding LLC as a defendant, alleges that Xie executed the Promissory Note on behalf of Feilos Capital, and asserts that Plaintiff later discovered that the only relevant "Feilos" entity in the Delaware system was Feilos Holding LLC. Compl. ¶¶ 1-2, 4. In his Reply, Xie attaches a trade-name certificate for "Feilos Capital," identifying "Fei Xi, CEO of Feilos Holding LLC." Reply, Ex. B at 1. For purposes of this motion, the Court follows the parties' shared understanding that the relevant LLC's citizenship depends on Xie's relationship as its sole member. *See* Br. at 2; Opp. at 2-3. Accordingly, the Court need not resolve any issue concerning the proper entity name.

members but not the association itself, there can be no jurisdiction in the case involving the unincorporated association.").

Both parties agree that Xie is the sole member of Feilos Holding LLC. *See* Br. at 2; Opp. at 1. And Xie has presented evidence to that effect. *See* Reply, Ex. B (listing Xie as the sole "owner[], member[], or partner[] comprising" Feilos Holding LLC). Because the Court has found Xie to be a noncitizen for purposes of diversity jurisdiction, it follows that Feilos Holding LLC is also a noncitizen for diversity purposes. This results in foreign parties on both sides of the action. As a result, Plaintiff has failed to establish complete diversity.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss for lack of subject matter jurisdiction is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 10 and CLOSE this case.

Dated:  June 16, 2026
        New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

12